## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **WILLIAM HASKINS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Nos.  1:13-21631** |
| | ) | **Criminal Action No. 1:95-00072** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and currently incarcerated at FCI Loretto, filed a Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on August

8, 2013.[1] (Document No. 743.) Movant filed a Motion to Amend an Amended Section 2255 Motion

on January 5, 2015. (Document Nos. 766 and 772.) By Standing Order, this matter was referred to

the undersigned United States Magistrate Judge for the submission of proposed findings of fact and

a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 745.)

### FACTUAL BACKGROUND

**1.      Criminal No. 1:95-0072-07:**

On October 10, 1995, Movant pled guilty to distributing crack and aiding and abetting the

distribution of crack in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Movant was sentenced

on February 8, 1996. The District Court concluded that Movant was accountable for the distribution

of 575 grams of cocaine base and found his base offense level to be 36. The District Court added

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

two offense levels for Movant's possession of a dangerous weapon during a drug trafficking crime, three offense levels for his managerial role in the offense and two offense levels for obstruction of justice. The Court subtracted two offense levels for Movant's acceptance of responsibility. The District Court determined that Movant's total offense level was 41 and as a career criminal his Criminal History Category was VI making Movant eligible for sentencing in the range of 360 months to life. The District Court sentenced Movant to 420 months in prison. United States v.Haskins, Criminal No. 1:95-0072-07, Document Nos. 273 and 277. Movant appealed his sentence, and on July 10, 1998, the Fourth Circuit affirmed Movant's sentence. United States v. Haskins, 155 F.3d 562, 1998 WL 393990 (4th Cir.(W.Va.)). Petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court.

2.     **First Section 2255 Motion:**

On December 29, 2000, Movant filed a Petition to Set Aside Guilty Plea thus initiating Civil Action No. 1:00-1225. (Criminal No. 1:95-0072-07, Document No. 414.) United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation on February 15, 2001, considering Movant's Petition a Motion to Vacate, Set Aside and Correct Sentence filed pursuant to 28 U.S.C. § 2255 and recommending that Movant's Motion be dismissed as untimely because it was filed more than one year after the date the judgment of conviction became final. (Id., Document No. 420.) Movant filed objections on March 2, 2001. (Id., Document No. 421.) By Order entered on January 23, 2003, the District Court adopted Magistrate Judge Feinberg's Proposed Findings and Recommendation. (Id., Document No. 487.)

3.     **Second Section 2255 Motion:**

On June 27, 2001, Movant filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

2

in the United States District Court for the Northern District of Georgia seeking to challenge the constitutionality of his February 8, 1996, convictions in the West Virginia District Court. (Id., Document No. 426.) United States Magistrate Judge Gerrilyn G. Brill determined that the Movant's Petition should be considered a Motion filed under 28 U.S.C. § 2255 and transferred the case to the Southern District of West Virginia. (Id.) The case was designated 1:01-0637 in this District. (Id.) On September 17, 2001, United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation recommending that the case be dismissed because it constituted a second or successive § 2255 proceeding and was initiated without authorization of the United States Court of Appeals for the Fourth Circuit. (Id., Document No. 444.) Movant filed objections on October 5, 2001, claiming that the Court's characterization of his Petition as a § 2255 Motion was improper and disputing the Court's jurisdiction. (Id., Document No. 445.) By Judgment Order entered on September 22, 2003, the District Court overruled Movant's objections, adopted Magistrate Judge Feinberg's findings and recommendation and dismissed Movant's Petition. (Id., Document No. 558.)

**4.      First Section 3582 Motion:**

On September 10, 2002, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c) thus initiating Civil Action No. 1:02- 134. (Id., Document No. 481.) Movant claimed that "his sentence was imposed based upon a misapplication of the Guidelines, therefore, the court should resentence movant under the correct base offense level applicable for his alleged crime." (Id.) Specifically, Movant asserted that "the government failed to prove by a preponderance of the evidence that substance defendant was charged and convicted with was 'crack' and therefore the enhanced sentence was error" and his base offense level should have began at the base offense level 12, not 36 as the P.S.I. held, and the court utilized as the starting point for the sentence." (Id.)

The undersigned entered Proposed Findings and Recommendation on October 28, 2002, concluding

that Movant raised issues typically considered upon applications under 28 U.S.C. § 2255, not under

§ 3582, and recommending dismissal. (Id., Document No. 485.) On February 10, 2003, the District

Court adopted the undersigned's proposed findings and recommendation and dismissed Movant's

Motion. (Id., Document No. 488.)

### 5.      Second Section 3582 Motion:

On June 19, 2003, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C.

§ 3582(c) thus initiating Civil Action No. 1:03- 0558. (Id., Document No. 534.) In his Motion,

Movant requested that the "court give retroactive effect to Amendment 506 and 567 under U.S.S.G.

§ 1B1.10(c) and reduce his sentence from 420 months to 210 - 262 months." (Id.) By Proposed

Findings and Recommendation entered on May 17, 2006, the undersigned recommended that

Movant's Motion be denied. (Id., Document No. 655.) Movant filed his Objections on June 8, 2006.

(Id., Document No. 658.) By Memorandum Opinion and Order entered on July 31, 2006, the District

Court adopted the undersigned's recommendation and dismissed Movant's Motion. (Id., Document

No. 659.)

### 6.      Third Section 3582 Motion:

On August 26, 2008, Movant filed a Motion for Retroactive Application of Sentencing

Guidelines regarding his Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Id., Document No.

662.) By Order entered on March 16, 2009, the District Court designated Movant for standard

consideration and appointed counsel. (Id., Document No. 673.) The United States filed its Response

to Movant's Motion on March 23, 2009. (Id., Document No. 675.) By Order entered on April 27,

2010, the District Court denied Movant's Motion finding that "defendant's sentencing range has not

been lowered as a result of the amendment." (Id., Document No. 701.)

4

**7.     Fourth Section 3582 Motion:**

On November 10, 2011, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Id., Document No. 708.) By Order entered on November 29, 2011, the District Court designated Movant for standard consideration and appointed counsel. (Id., Document No. 709.) The United States filed its Response to Movant's Motion on December 6, 2011. (Id., Document No. 711.) By Memorandum Opinion and Order entered on August 31, 2012, the District Court denied Movant's Motion finding that "[d]efendant was sentenced as a career offender." (Id., Document No. 726.) The District Court noted that Movant argued he was improperly classified as a career offender at his original sentencing. (Id.) Therefore, the District Court noted that "[i]f defendant wishes to pursue this claim, he should contact the Clerk's Office regarding his desire to pursue a habeas case." (Id.) Movant filed a Notice of Appeal. (Id., Document No. 717.) On April 22, 2013, the District Court entered a "Rule 24 Order" denying Movant's motion to proceed on appeal in forma pauperis. (Id., Document No. 732.) On May 1, 2013, Movant filed a Motion for Reconsideration requesting that the Court reconsider its "Rule 24 Order denying forma pauperis April 22, 2013, and the court's denial of William Haskins, 18 U.S.C. § 3582(c)(2), to reduce his sentence based upon a subsequent reduction in the applicable sentencing guideline." (Id., Document No. 733.) On May 28, 2013, Movant filed a Motion to Amend/Correct his Motion for Reconsideration. (Id., Document No. 737.) Specifically, Movant states that "[t]his Motion Rule 15(a) is to Amend or Add to Def. Haskins' Motion for Reconsideration under Rule 59(E) that was filed May 1, 2013, which stem from the Rule 24 Order that was denied April 22, 2013. (Id.) On June 3, 2013, Movant filed an additional Motion to Amend. (Id., Document No. 740.) By Order entered on December 3, 2014, the District Court denied

Movant's Motion for Reconsideration. (Id., Document No. 763.)

**8.      Third Section 2255 Motion:**

On May 17, 2013, Movant filed a document entitled "Fed. R. Civ. P. 15(A) Motion to

Amend." (Id. Document No. 734.) The Court construed Movant's Motion as a Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, thereby

initiating Civil Action 1:13-11643. (Id.) In his Motion, Movant argued as follows:

> The Court committed manifest error by sentencing Defendant (Haskins) to 575
> grams of cocaine base (crack). While the indictment held no amount of drugs,
> Defendant plead guilty and admitted to 19.72 grams of cocaine base (crack) do to the
> judicial involvement and stipulation of the amount 19.72 grams in the plea colloquy
> by Honorable Judge David A. Faber, Prosecutor John C. Parr and Defendant's
> Attorney Gerald Needum (Plea Colloquy TR: Pg. 25, Line 10 threw 25/pg. 26 Line
> 1 threw 2). Defendant ask this Honorable Court for 18 to 1 considerations on the
> 19.72 grams that was stipulated to in the plea hearing and immediate release being
> as it would be time served.

On May 28, 2013, Movant filed a Motion to Dismiss his Section 2255 Motion. (Id., Document No.

738.) Movant explains that he does not wish for his "Fed. R. Civ. P. 15(A) Motion to Amend" to be

construed as a Section 2255 Motion. (Id.) Movant states that he intended the "Fed. R. Civ. P. 15(A)

Motion to Amend" to be filed as a Motion to Amend his Motion for Reconsideration filed in

Criminal Action No. 1:95-0072. (Id.) By Proposed Findings and Recommendation entered on June

3, 2013, the undersigned recommended that the District Court grant Movant's Motion to Dismiss,

dismiss his Section 2255 Motion, and file a copy of Movant's "Fed.R.Civ.P. 15(A) Motion to

Amend" as a Motion to Amend his Motion for Reconsideration. (Id., Document No. 739.) By

Memorandum Opinion and Order entered on April 23, 2014, the District Court adopted the

undersigned's recommendation and dismissed Movant's Section 2255 Motion. (Id., Document Nos.

749 and 750.)

9.      **Motion for Immediate Release:**

On June 21, 2013, Movant filed a letter-form Motion for Immediate Release. (Id., Document No. 741.) Specifically, Movant argued that he was entitled to immediate release pursuant to Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) because his sentence was improperly enhanced based upon 575 grams of cocaine base, obstruction of justice, possession of a firearm, and his leadership role. (Id.) By Memorandum Opinion and Order entered on April 22, 2014, the District Court denied Movant's above Motion. (Id., Document No. 748.) The District Court determine that "Alleyne is not applicable here because the aforementioned sentencing enhancements did not increase the mandatory minimum sentence to which Haskins was subject." (Id.) The District Court further explained that "Haskins' reliance on Alleyne is unavailing because the rule announced therein has not been made retroactive by the Supreme Court to cases on collateral review." (Id.)

10.     **Fourth Section 2255 Motion**

On August 8, 2013, Movant filed his instant Section 2255 Motion. (Id., Document No. 743.) As grounds for relief, Movant argues as follows: (1) The District Court erred in determining the quantity of drugs (Id., p. 4.); (2) The District Court improperly enhanced his sentence for possession of a firearm (Id., pp. 5 - 8.); (3) The offense charged in Count 21 of the Indictment was duplicitous (Id., pp. 8 - 14, 20 - 22.); (4) "Movant is entitled to a reduction in his term of confinement based upon retroactive amendments to the federal sentencing guidelines" (Id., pp. 14 - 16.); (5) The District Court improperly applied a leadership role enhancement (Id., pp. 16 - 19.); (6) Movant is innocent of Count 21 based upon the Watson decision (Id., pp. 19 - 20.); (7) The government breach the plea agreement because the government "stipulated that Movant was only pleading guilty to

possession of 19 grams of narcotics" (Id., pp. 22 - 25.); (8) "The Court impermissibly induced a plea

to 19 grams, only to hold Movant responsible at sentencing to 575 grams" (Id., pp. 25 - 26.); (9)

"The Court impermissibly induced a plea that the firearms would not be considered at sentencing

only to employ the firearms for an unreasonable sentence" (Id.); (10) Ineffective assistance of

counsel (Id., pp. 26 - 28.); (11) "Cumulative error which undermines the credibility of the

conviction" (Id., pp. 28 - 19.); and (12) "The sentence imposed was wholly unreasonable in that it

was predicated on conjecture, unfounded governmental claims, the impermissible breach of the

stipulated drug quantity and/or firearms" (Id.). Accordingly, Movant requests that the Court "reduce

the sentence imposed" or permit Movant to withdraw his guilty plea. (Id., p. 30.)

On January 5, 2015, Movant filed a Motion to Amend his Section 2255 Motion. (Id.,

Document No. 766.) Specifically, Movant requests that his Section 2255 Motion be amended to

include his claim that "[t]he District Court committed manifest error and violated Rule 11(c)(1) by

sentencing Defendant Haskins to 575 grams of cocaine base, leadership role enhancement,

obstruction of justice and possession of a firearm." (Id.) By separate Order entered this day, the

undersigned has granted Movant's Motion to Amend. (Document No. 771.)

**11.    Fifth Section 3582 Motion:**

On June 6, 2014, Movant filed a Motion for Retroactive Application of Sentencing

Guidelines regarding his Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Id., Document No.

751.) On August 19, 2014, Movant filed a Memorandum in Support. (Id., Document No. 753.) This

Motion is currently pending before the Court.

**12.    Motion for Reduction of Sentence:**

On March 19, 2015, Movant filed his letter-form Motion for Reduction of Sentence. (Id.,

Document No. 767.) Movant explains that although "there were two previous drug amendment that were made retroactive," "I did not receive a reduction . . . because my guideline range after these amendments were applied did not alter my guideline range." (Id.) Movant argues that "now that Amendment 782 was made retroactive on November 1, 2014, the two previous amendments and this new amendment all apply to me." (Id.) Movant, therefore, contends that he is entitled to a reduction in his sentence. (Id.) This Motion is currently pending before the Court.

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See

United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law.[2] "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 743 and 772.), and **REMOVE** this matter from the Court's docket.

---

[2] Based upon *Watson*, Petitioner alleges that he is entitled to *habeas* relief from his Section 924(c) conviction (Count 21). First, the undersigned notes that Movant was not convicted of Count 21. Next, the Court finds that the *Watson* decision did not announce a new rule of constitutional law as the decision was based upon the principles of statutory interpretation. *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007)(holding that a person who trades drugs for firearms does not "use" a firearm within the meaning of Section 924(c)(1)).

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 28, 2015.

R. Clarke VanDervort
United States Magistrate Judge