```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**WILLIAM HASKINS,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:13-21631
                                                    (Criminal Action No. 1:95-00072)

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1).  Whereupon, Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on April 28, 2015, in which he recommended that this court deny Haskins' motion under 28 U.S.C. § 2255 and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  The court need not conduct a de novo review of the PF&R when a party "makes general and conclusory objections that do not direct the court to a specific

error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On May 11, 2015, plaintiff filed his objections to the magistrate judge's Findings and Recommendation. All of plaintiff's filing is devoted to his argument that he received ineffective assistance of counsel without addressing the specific ground on which the magistrate judge recommended dismissal: that the instant motion must be dismissed as an unauthorized successive proceeding under Section 2255.

Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, a plaintiff must demonstrate that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. However, this Court need not reach the issue of whether Haskins' motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of

2

appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir.1999). Haskins has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion.

For the foregoing reasons, plaintiff's objections are **OVERRULED**. The court **ADOPTS** the findings and conclusions contained in Magistrate Judge VanDervort's PF&R, **DENIES** plaintiff's motion Under 28 U.S.C. § 2255 and **DIRECTS** the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is **DIRECTED** to remove this matter from the court's docket and to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 29th day of May, 2015.

    ENTER:

    David A. Faber
    Senior United States District Judge